UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERNARD DONEZ CHESTNUT,
FDOC Inmate No. 130146,
    Plaintiff,

vs.                                              Case No.: 3:20cv5918/MCR/EMT

LIEUTENANT J. NEEL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action in October 2020 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). He subsequently filed an amended complaint (ECF No. 7). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of Plaintiff's amended complaint (ECF No. 7), the undersigned finds Plaintiff failed to disclose his full litigation history and thus recommends the action be dismissed as malicious.[1]

---

[1] Plaintiff's original complaint was not filed on this court's approved form for use by prisoners in civil rights cases and did not address his litigation history in any manner (*see* ECF No. 1).

Case No.: 3:20cv5918/MCR/EMT

Because Plaintiff is proceeding in forma pauperis, the court must dismiss the action at any time if it determines it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner

plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting dismissal of his pro se § 1983 action because prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing

all information known to him regarding prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Upon review of Plaintiff's amended complaint, the undersigned has determined this action is malicious and thus recommends dismissal under

§ 1915(e)(2)(B)(i). Section IV of the complaint form requires Plaintiff to disclose information regarding prior lawsuits he filed in state and federal court (ECF No. 7 at 9–12).[2] Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)? (*id.* at 10) (emphasis in original). Plaintiff essentially responded, as he did to other questions regarding his litigation history, that prison officials destroyed his legal papers and that he therefore was unable to identify prior cases he filed (*id.*). He nevertheless proceeded to explain that he had filed prior cases in this court, as well as in the Middle District of Florida, including cases that had been either voluntarily dismissed or dismissed prior to service (*id*. at 11).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL**

---

[2] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

**CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at 25) (emphasis in original).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00cv249/RH, Order of Dismissal, ECF No. 10 (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice that at the time Plaintiff filed his amended complaint in this case on December 14, 2020 (*see* ECF No. 7 at 1), Plaintiff had previously filed a case in this court that he failed to disclose: *Chestnut v. Clemmons*,

Case No. 3:20cv5679) (N.D. Fla. (filed July 9, 2020, *see* ECF No. 1 at 21)). This prior case, in which Plaintiff raises—among other claims—claims of excessive force against officers at Santa Rosa Correctional Institution, can be positively identified as having been filed by Plaintiff because it bears his FDOC inmate number, 130146. Plaintiff did not list this case, even though it was responsive to Question IV.C on the complaint form.

The court is authorized to control and manage matters such as this case pending before it, and Plaintiff's status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff acknowledged he was a three-striker (but alleged imminent danger of serious bodily injury) and had filed prior actions in this court and others that were either voluntarily dismissed or dismissed prior to service (ECF No. 7). He did not indicate in any way, however, that he had filed a case in this court a number of months before he filed his amended complaint in this action, in which he complained of the conditions of his confinement at Santa Rosa Correctional Institution, as he does in the instant case. Tellingly, the Magistrate

Case No.: 3:20cv5918/MCR/EMT

Judge in Case No. 3:20cv5697/MCR/HTC issued a Report and Recommendation (R and R) on September 2, 2020, in which she identified *by case number* three cases Plaintiff filed in this district that had been "dismissed based on a ground set forth in 28 U.S.C. § 1915(g)" and four such cases that had been dismissed in the Middle District of Florida, *also by case number* (*see* ECF No. 7 at 3–4 in that case).  On October 5, 2020, Plaintiff submitted to prison officials for mailing Objections to the R and R and an attachment thereto (i.e., paperwork relating to a habeas corpus action Plaintiff filed in this district), together which demonstrate that Plaintiff had in his possession—shortly before he filed the amended complaint in this case—at least eight case numbers that should have been listed in Section IV of the complaint form, putting aside the fact that he listed about fifteen case numbers on the original complaint he filed in Case No. 3:20cv5697/MCR/HTC (*see* ECF No. 1 in that case).[3]

It defies logic to believe Plaintiff was unaware of even one case due to an absence of legal papers or that such case required disclosure.  The undersigned thus concludes Plaintiff falsely responded to a question on the complaint form, as Plaintiff knew, or from reading the complaint form should have known, that truthful disclosure of the above-referenced lawsuit was required.  If Plaintiff suffered no

---

[3] The R and R in that case remains under advisement as of the date of this R and R.

penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[4,5] *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (holding that failure to disclose eight habeas petitions showed clear and willful misconduct, warranting dismissal pursuant to 28 U.S.C. § 1915); *see Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose previous lawsuits he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose or somehow identify all the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (recognizing four-year statute of limitations for § 1983 claims for which Florida is the forum state). Plaintiff states the alleged constitutional violations occurred beginning in October 2019 (*see* ECF No. 7 at 12). He thus has adequate time to file another civil rights action.

as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00-cv-249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That the clerk of court enter judgment accordingly and close this case.

At Pensacola, Florida, this 3rd day of March 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:20cv5918/MCR/EMT